UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEIAH P ELLIS                          CIVIL ACTION NO. 24-0368

VERSUS                                 JUDGE S. MAURICE HICKS, JR.

DIANE WARD                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court are three Motions for Summary Judgment. First, Plaintiff Keiah P
Ellis ("Ellis") filed a Motion for Summary Judgment. <u>See</u> Record Document 22. Defendant
Diane Ward ("Ward") opposed. <u>See</u> Record Document 26. Ellis replied. <u>See</u> Record
Document 30. Second, Ward filed a Motion for Summary Judgment. <u>See</u> Record
Document 31. Ellis opposed. <u>See</u> Record Document 36. Ward did not reply. Third, Ellis
filed another Motion for Summary Judgment. <u>See</u> Record Document 37. Ward opposed.
<u>See</u> Record Document 39. Ellis replied. <u>See</u> Record Document 40. For the reasons stated
below, both of Ellis's Motions for Summary Judgment (Record Documents 22 & 37) are
**DENIED**. Ward's Motion for Summary Judgment (Record Document 31) is **GRANTED**.
All claims against Ward are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Ellis filed suit against Ward, who is named in her capacity as Chief Financial Officer
of the Bossier Federal Credit Union. <u>See</u> Record Document 31-1 at 1; <u>see also</u> Record
Document 1 at 2. Ellis alleges that Ward dishonored and/or failed to deposit two "Due on
Demand" promissory notes to Ellis's accounts at the Bossier Federal Credit Union. <u>See</u>
Record Document 31-1 at 1; <u>see also</u> Record Document 1 at 4–5. Ellis asks the Court to

order Ward to reopen her closed checking and savings accounts and "honor and deposit" the promissory notes "for credit on [her] accounts." See id.

## LAW AND ANALYSIS

### I. Summary Judgment.

Federal Rule of Civil Procedure 56 provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Additionally, the United States District Court for the Western District of Louisiana has local rules parties must comply with. Local Civil Rule 56.1 provides discusses Motions for Summary Judgment:

> Motions for summary judgment must be accompanied by a memorandum. The memorandum must contain:
>
> (1) The legal basis on which the mover is entitled to judgment;
>
> (2) The material facts that the mover contends are not genuinely disputed; and
>
> (3) A pinpoint reference to the document or other exhibit that establishes such fact.

LOCAL CIV. R. 56.1.

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and

that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

## II. Analysis.

In her first Motion for Summary Judgment, Ellis argues she has "attempted to properly (legally and lawfully) create and endorse negotiable instruments with NO

intention of committing fraud of any sort, and repeatedly requested documentation from the financial institution in order to correct any mistakes that may have been unintentionally made." See Record Document 22 at 1. Ellis contends Ward "has given no legal or lawful rebuttal to prove what makes [her] personal instruments 'bogus' and 'fraudulent….'" See id. at 2. She asks the Court to "order a summary judgment in her favor according to the relief sought in the complaint, ordering [Ward] to credit accounts according to the orders of the instruments." See id. at 3.

Ward opposes, asserting that Ellis's Motion is solely based on her unsupported assumptions and assertions, which fall short of the summary judgment standard. See Record Document 26 at 1. Additionally, Ward states that Ellis's Motion fails to satisfy the criteria of Federal Rule 56, Local Rule 56, and the relevant case law. See id. at 3. Thus, she submits Ellis's Motion should be denied. See id. Ellis responds, reiterating that Ward has "ignored or consistently been non-compliant to all deadlines, and in doing so, has limited [her] ability to respond in a timely manner." See Record Document 30 at 1. She reasserts reasons for why her Motion should be granted. See id. at 1–2.

In Ward's Motion for Summary Judgment, she submits she is entitled to summary judgment for two reasons: (1) Ward has no liability to Ellis due to the performance of her job functions. Because the Complaint does not set forth any facts supporting a claim of personal liability against Ward, it fails to create a genuine issue of material fact and fails to state a claim which relief can be granted. (2) The Complaint fails to provide any details about the notes or any reasoning supporting Ellis's request that the notes be honored. See Record Document 31 at 1. Ward realizes the Complaint is subject to dismissal under Federal Rule 12(b)(6) but has chosen summary judgment to illuminate

Ellis's harassment of and attempt to extort Ward and the Bossier Federal Credit Union, as well as her brazen abuse of the court system. <u>See</u> Record Document 31-1 at 3. Ward attaches the following documents to her Motion: (1) Ward's affidavit; (2) two "Due on Demand Promissory Notes," each in the amount of $500,000,000.00, with Ellis listed as the maker and payee; (3) checking deposit slips for each $500,000,000.00 note; (4) Ellis's birth certificate; and (5) excerpts from 31 Code of Federal Regulations 103.11 (i.e., treasury regulations relating to money and finance), which Ellis cites as authority for the "birth certificate security bond" discussed in her correspondence. <u>See id.</u> Ward requests that summary judgment be granted in her favor. <u>See id.</u> at 4.

Ellis opposes, asserting several reasons for why Ward's Motion should be denied. <u>See</u> Record Document 36. For example, she argues Ward "has not given the legal/lawful reasons as to why a promissory note to [oneself] is 'fraudulent' or illegal/unlawful. <u>See id.</u> at 1. Ellis contends Ward "has not shown policy reasons that [she] would need to adhere to within the usage of a promissory note…." <u>See id.</u> Furthermore, she states that Ward "has not responded to [her] request to clarify, with specificity, why the promissory notes [she] attempted to use were rejected…." <u>See id.</u> For all the reasons listed, Ellis asks the Court to deny Ward's Motion. <u>See id.</u> at 2.

In her second Motion for Summary Judgment, Ellis provides, almost verbatim, the same arguments contained in her first Motion. <u>See</u> Record Document 37. She claims she is entitled to summary judgment because there is no "legal or lawful justification as to the reason why [her] instruments were rejected and dishonored…." <u>See id.</u> at 3. Ward opposes, arguing Ellis's second Motion rehashes the same arguments contained in her first Motion. <u>See</u> Record Document 39 at 1. Ward reiterates and incorporates her

opposition to Ellis's first Motion as her opposition to the second Motion. See id. Ellis's reply reasserts the same arguments contained in her reply to Ward's Motion. See Record Document 40.

Ward correctly asserts that Ellis's two Motions for Summary Judgment do not comply with Federal Rule 56 or Local Rule 56.1. The instant case resembles Sampy v. Morvant, wherein the plaintiff's motion for summary judgment was procedurally defective. No. 23-00747, 2024 WL 3897148, at *1 (W.D. La. Aug. 21. 2024). Here, Ellis's Motions contain "no memorandum, no legal basis for judgment, no list of undisputed fact, [and] no pinpoint references to exhibits establishing each fact." Id. Ellis's "pro se status does not exempt [her] from this Court's local rules." Id. (citing Robertson v. Williams, No. 23-597, 2024 WL 534957, at *3 (W.D. La. Feb. 9, 2024) ("[E]ven a pro se plaintiff must specifically refer to evidence in the summary judgment record to place that evidence properly before the court."); Muse v. La., No. 21-02419, 2022 WL 21778331, at *1 (W.D. La. Oct. 31, 2022)). Because Ellis's Motions do not comply with Federal Rule 56 and Local Rule 56, denial is warranted. Id. In addition to her procedural defects, Ellis's assertions within her Motions are unsupported and conclusory. Thus, both of her Motions (Record Documents 22 & 37) are **DENIED**.

The Court finds that Ward has demonstrated there are no genuine issues of material fact, and thus, summary judgment should be granted in her favor. From the summary judgment record, there is no evidence Ward is personally liable to Ellis or that Ward must honor or credit Ellis's promissory notes. Therefore, Ward's Motion for Summary Judgment (Record Document 31) is **GRANTED**. All claims asserted against Ward are **DISMISSED WITH PREJUDICE**.

**CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Ellis's two Motions for Summary Judgment (Record Documents 22 & 37) are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Ward's Motion for Summary Judgment (Record Document 31) is hereby **GRANTED**. Therefore, all claims asserted against Ward are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of February, 2025.

UNITED STATES DISTRICT COURT JUDGE